**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **JAVIER FERRAND IRIBAR** | ) JURY TRIAL DEMANDED |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No. |
| | ) |
| **RESURGENT CAPITAL SERVICES, L.P.** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Javier Ferrand Iribar, an individual consumer, against Defendant, Resurgent Capital Services, L.P. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331. Venue in this District is proper in that the Defendant transacts business in Hialeah, Florida, and the conduct complained of occurred in Hialeah, Florida.

## PARTIES

1

3. Plaintiff, Javier Ferrand Iribar (hereinafter "Plaintiff") is a natural person residing in Hialeah, Florida. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant is a South Carolina corporation.

5. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

## FACTS OF THE COMPLAINT

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

7. Plaintiff is alleged to owe a "debt" as defined by the FDCPA, 15 U.S.C. 1692a(5), and the alleged debt at issue arose from a transaction entered into primarily for personal use.

8. On or about July 15, 2025, Defendant texted Plaintiff, attempting to collect an alleged debt.

9. On or about July 17, 2025, Plaintiff replied to Defendant's text stating, "Any further correspondence from your organization will be discarded, returned to you unopened, or ignored."

10. Despite this clear cease-communication request, Defendant texted Plaintiff on July 24, July 26, July 29, July 31, August 2, August 5, and August 7, 2025, in an attempt to collect on the alleged debt, in violation of 15 U.S.C. § 1692c(c).

11. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of invasion of privacy, intrusion upon

2

seclusion, anger, anxiety, decreased productivity at work, frustration, and other negative emotions.

**FIRST CLAIM FOR RELIEF**
**(Defendant)**
**15 U.S.C. §1692c(c)**

12.   Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

13.   Defendant violated the FDCPA.

14.   Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA by communicating with Plaintiff after the Plaintiff made a written request that Defendant cease all communication regarding the alleged debt.

15.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A.  Judgment for the violations occurred for violating the FDCPA;

B.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

C.  Statutory damages pursuant to 15 U.S.C. 1692k(a)(2);

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

E.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

/s/ Cortney Walters, Esq.
CORTNEY WALTERS, Esq
**The Law Office of Cortney E. Walters, PLLC**
2719 Hollywood Blvd., A-1969
Hollywood, FL 33020
Florida Bar no. 125159
Pleadings@cewlawoffice.com
(954) 874-8022
Lead Attorney